RAFAEL NICOT, Plaintiff and Appellant, *v.* WORKMEN'S RELIEF COMMISSION, Defendant and Appellee.

No. 3741. Argued May 20, 1926.—Decided July 20, 1926.

*Leopoldo Tormes* for the appellant. *Hon. George C. Butte, Attorney General, C. Llauger Díaz* and *Emilio Aldrey* for the appellee.

Mr. Justice Franco Soto delivered the opinion of the court.

This is an appeal from a judgment of the lower court refusing to review a certain decision of the Workmen's Relief Commission allowing a compensation of $500 to Ramón Rivera for an injury, of a permanent nature received by him while working as an employee of Rafael Nicot.

Ramón Rivera was cutting down a banana plant and it fell on him, its weight causing the cane-knife that he held in his right hand to slip and sever the flexor tendons of the first, second and third fingers of that hand. He petitioned the commission for compensation, but while his claim was pending he filed a writing requesting that the proceeding be dismissed on the grounds that his case was not covered by the Workmen's Compensation Act, and that he had received all that was necessary from his employer during all of the time of his sickness, reserving, however, the right to assert his claim before the proper court. On the same date on which this writing appears to have been signed the workman signed a settlement by which, in consideration of the sum of $42.50 received, the expenses incurred by the employer in his medical treatment, and another sum of $43.50 that he had received previously, he waived absolutely his right under the law, acknowledging that the sums received by him satisfactorily compensated him for the injury suffered by the accident.

On May 20, 1924, the commission held a hearing of the case attended by counsel for both parties, and after the examination of the witnesses to the settlement, including the notary who attested their signatures, rendered the following decision:

"The case of Ramón Rivera is brought up for consideration by the commission, who, for the reasons stated, declare that the case

is one of permanent partial inability and award to the injured laborer, in addition to the daily wages he may have earned, a compensation of five hundred (500) dollars. Let the case be liquidated, the reasonable bills be paid, and the parties and the auditor be notified.—The administrative secretary will issue the proper warrants.''

And the grounds stated are as follows:

''The employer in this case did not have the workmen insured according to law on the date of the accident. The employer being liable for the compensation and expenses in the case under the law, he was given an opportunity to appear before the commission at a public hearing held at Ponce on the 20th of November, 1924, the parties and their witnesses then giving the testimony attached to the record in the case. The attitude of the employer, in his capacity as such, corroborates the testimony taken at the said hearing. The employer in this case reached a settlement with the laborer, whereby he gave him $42.50 as compensation for the injury caused, plus $35.00 as per diems. The laborer, however, testified that he accepted the said settlement because he thought that he could not have obtained a larger sum of money from the commission for the inability which he is now suffering as a result of the accident. The laborer, therefore, was ignorant of his right and did not know the sum which, taking into account the inability to which he is subjected by reason of the accident, he was entitled to under the law. Consequently, we are of the opinion that, notwithstanding the settlement, the commission should decide this case by awarding a compensation to the laborer according to the law, from which, of course, should be deducted the sums that he received from his employer as compensation and as per diems. Therefore, taking into consideration the age of the laborer (24 years), his daily wage (55¢) and the partial permanent inability which he is suffering, we decide to award, and do hereby award, to said laborer a compensation of $500 in addition to the wages he may have earned. The administrative secretary is hereby authorized to issue the proper warrants for the payments. Rafael Nicot not being insured under the fund to secure employers against liability at the date of the accident, the commission resolves to demand, and it does hereby demand, from the Treasurer of Porto Rico that he proceed to the collection from said employer of the compensation awarded in this case, plus the expenses incurred therein, in accordance with article 20 of the Workmen's Compensation Act. The parties should be notified. . . . .''

The appellant alleges that the lower court erred in concluding that the Workmen's Relief Commission can take cognizance of a case wherein the interested party withdrew his claim because he had been compensated by his employer, the said commission thereby interfering with the rights of citizens freely to enter into contracts and thus violating the Organic Act and the Constitution of the United States.

Article 21 of Act No. 10, known as the Workmen's Accident Compensation Act, approved February 25, 1918, provides as follows:

"Nothing in this Act contained shall be interpreted as depriving the injured workman, or his heirs, in accordance with this Act, in case of death, of waiving the provisions of this Act at any time prior to receiving compensation under this Act and to claim and recover damages from his employer, in accordance with the provisions of the law before this Act takes effect, when the injuries sustained by the said workman were caused by the illegal act or gross negligence of his employer; *Provided*, That only in case of waiver shall the workman [*sic*] comprised in this Act, or their heirs in accordance with the same, have the right to institute an action for damages against the employer."

This last provision seems to indicate the only case in which the injured workman, or his heirs, may bring an action for damages against the employer, that is, when the injuries sustained by the said workman may have been caused by the illegal act or gross negligence of his employer. In that respect the settlement made by an employer and a workman is binding only as between themselves, and is confined to the action which the said workman may bring before the courts. To judge from its wording the waiver admits of no other interpretation. Otherwise the settlement is not binding on the Workmen's Relief Commission, which, under the circumstances in this case, had exclusive jurisdiction to take cognizance of the same and decide it as it did.

For the reasons stated the judgment appealed from should be affirmed.